PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS M. BOSEMAN, | ) | |
| | ) | CASE NO. 4:25-CV-627 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MAHONING COUNTY CHILD SUPPORT | ) | **MEMORANDUM OF OPINION** |
| ENFORCEMENT AGENCY, *et al.*, | ) | **AND ORDER** |
| | ) | [Resolving ECF No. 8] |
| Defendants. | ) | |

      Plaintiff Dennis M. Boseman filed this action, *pro se,* against the Mahoning County Child Support Enforcement Agency and the Mahoning County Jobs and Family Services Agency to contest his 2012 child support order.  Plaintiff claims that he was not given proper legal notice of the support order, and "no valid determination of paternity was made." (ECF No. 1-1 at PageID #: 6).  Plaintiff further alleges that his driver's license was suspended and he was denied a passport for non-payment of support.  He contends that he was "denied an opportunity to challenge these [collection] actions or the legitimacy of the the underlying [child support] order." (ECF No. 1-1 at PageID: 6).  He asserts claims for denial of procedural due process and equal protection, and seeks declaratory relief, injunctive relief and monetary damages.

(4:25-CV-627)

# I.  Background

Plaintiff's Complaint contains very few factual allegations.  He states that "[i]n 2012, Defendant issued a child support order, without serving Plaintiff proper legal notice or summons."  (ECF No. 1-1 at PageID #: 6).  Plaintiff contends that there was not a valid determination of paternity.  Plaintiff does not provide any other information regarding the child support proceedings, or Defendants' role in those proceedings.  Plaintiff states that he only became aware of the child support order when the enforcement actions began, specifically the suspension of his driver's license and passport.  Plaintiff states he was denied an opportunity to challenge his driver's license and passport suspension, and the underlying support order. Plaintiff avers that he was denied procedural due process.  Plaintiff also asserts an equal protection claim, stating that similarly situated people are not denied due process.  Plaintiff asks the Court to declare his child support order to be void, enjoin the Defendants from enforcing the child support order, restore his driver's license and passport, and award him monetary damages.

# II.  Standard for Dismissal

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Nevertheless, district courts may conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated,

(4:25-CV-627)

unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*per curiam*) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).  *Sua sponte* dismissal is authorized when the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter.  *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

### III.  Analysis

The Court lacks subject matter jurisdiction to review the enforcement of the state court's judgment.  District courts also do not have jurisdiction to overturn state decisions, even if the request to reverse the state's decision is based on an allegation that the state's action was unconstitutional.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.  *Id.*  Under this principle, generally referred to as the *Rooker-Feldman* doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state court's judgment itself violates his or her federal rights.  *Berry v. Schmitt*  688 F.3d 290, 298-99 (6th Cir. 2012).

3

(4:25-CV-627)

The *Rooker-Feldman* doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1]  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court.  The *Rooker-Feldman* doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts.  *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*,  606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

*Rooker-Feldman* is a doctrine with narrow application.  It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state

---

[1]    28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

(4:25-CV-627)

court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the *Rooker-Feldman* doctrine applies only when a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the Plaintiff's injury is the state-court judgment itself, then the Rooker-Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the Court should also consider the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

Here, Plaintiff is not clear on the type of proceeding that led to the issuance of the child support order. Specifically, he does not allege whether the support obligation came from an administrative order or a court order. The *Rooker-Feldman* doctrine is applicable regardless of which procedure generated the child support order. The *Feldman* Court itself instructed that "the form of the proceeding is not significant. It is the nature and effect which is controlling," even

5

(4:25-CV-627)

though "the proceedings . . . did not assume the form commonly associated with judicial proceedings." *Feldman*, 460 U.S. at 482.  State child support orders fall within the purview of the *Rooker-Feldman* doctrine.  *Rouse v. Nessel*, No. 21-1630, 2022 WL 13631916, at *2 (6th Cir. July 11, 2022) (recognizing federal claims that require the district court to reject state child support orders are barred under the *Rooker-Feldman* doctrine).

The only inquiry then, is whether the 2012 state child support order is the source of Plaintiff's injury, or whether there is some other source of injury.  Plaintiff contends that the *Rooker-Feldman* doctrine does not apply because the child support order is void.  (ECF No. 1-1 at PageID #: 7).  The child support order, however, has not been voided by the state.  Rather, Plaintiff asks the Court to declare the order to be void, and enjoin its enforcement.  The Court lacks subject matter jurisdiction to declare that order to be invalid or to relieve Plaintiff from the effects of that judgment.  *See Raymond v. Moyer*, 501 F.3d 548, 553-54 (6th Cir. 2007) (explaining that there is no exception to the *Rooker-Feldman* doctrine for procedural due process violations).

6

(4:25-CV-627)

## V.  Conclusion

Accordingly, this action is dismissed for lack of subject matter jurisdiction.  *Apple*, 183

F.3d at 479.  Therefore, the Court is unable to adjudicate Plaintiff's  Emergency Motion to Stay

State Court Proceedings (ECF No. 8).  The Court certifies, pursuant to 28 U.S.C. §1915(a)(3),

that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


 June 6, 2025                              /s/    *Benita Y. Pearson*
Date                                   Benita Y. Pearson
                                       United States District Judge

7