PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DENNIS M. BOSEMAN, ) | |
| ) | CASE NO. 4:25-CV-627 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| MAHONING COUNTY CHILD SUPPORT ) | |
| ENFORCEMENT AGENCY, *et al.*, ) | **ORDER** |
| ) | [Resolving ECF Nos. 11 and 14] |
| Defendants. ) | |

Pending before the Court is *pro se* Plaintiff's Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e). Also pending before the Court is Plaintiff's Motion to Compel Release of Passport, Emergency Motion for Temporary Restraining Order, and Motion for Sanctions Against Defendants for Violation of Federal Law and Due Process. ECF No. 14. For the reasons set forth below, both motions are denied.

### I. Background

Plaintiff Dennis M. Boseman filed this action, *pro se*, against the Mahoning County Child Support Enforcement Agency and Mahoning County Jobs and Family Services Agency to contest his 2012 child support order. The Complaint alleges Plaintiff was denied procedural due process and equal protection because he was not given proper legal notice of the child support order and "no valid determination of paternity was made." ECF No. 1-1 at PageID #: 6. He seeks declaratory relief, injunctive relief, and money damages.

The Court issued a Memorandum of Opinion and Order dismissing Plaintiff's case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. ECF No. 9. Plaintiff

(4:25CV627)

timely filed his motion to alter or amend judgment.  ECF No. 11.  Defendants filed a brief in opposition.  ECF No. 12.  Plaintiff replied.  ECF No. 13.  Plaintiff also filed a second motion to compel release of passport, for emergency temporary restraining order ("TRO"), and sanctions against Defendants.  ECF No. 14.

## II.     Legal Standard

Rule 59(e) permits a party to move "to alter or amend a judgment no later than 28 days after the entry of the judgment."  FED. R. CIV. P. 59(e).  For a court to grant a motion under Rule 59(e), there must be: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a need to prevent manifest injustice."  *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006)).  Although Rule 59(e) permits a court to alter or amend a judgment, the rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008)).  "Whe[n] . . . defendant views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit."  *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citing *Dana Corp. v. United States*, 764 F. Supp. 484, 489 (N.D. Ohio 1991)).  "Motions to alter or amend are extraordinary and should be sparingly granted."  *Detrick v. KCS Int'l Inc.*, No. 5:24-cv-1154, 2025 WL 1697482, at *4 (N.D. Ohio June 17, 2025) (citing *Cequent Trailer Products, Inc. v. Intradin (Shanghai) Mach. Co., Ltd.*, No. 1:05-cv-2566, 2007 WL 1362457, at *2 (N.D. Ohio May 7, 2007)).

(4:25CV627)

Neither "clear error" or "manifest injustice" is clearly defined in the case law.  District courts have, however, held that "[a] clear error of law occurs where the original ruling overlooked or disregarded some argument or controlling authority or where the moving party successfully points out a manifest error." *Johnson v. Bobby*, No. 2:08-cv-55, 2022 WL 1656762, at *2 (S.D. Ohio May 24, 2022) (internal citations and quotations omitted).  See *Lonardo v. Travelers Indem. Co., et al.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010) ("Although the Sixth Circuit has not precisely defined 'clear error' in the context of the Rule 59(e) analysis, courts within other circuits have clearly indicated that a high standard applies.").  Courts have also concluded that "manifest injustice requires that there exist a fundamental flaw in the court's decision that would lead to a result that is both inequitable and not in line with applicable policy." *Johnson*, No. 2:08-cv-55, 2022 WL 1656762 at *2 (quoting *Williams v. Shelby Cty. Bd. of Educ.*, No. 2:17-cv-2050, 2021 WL 698861, at *3 (W.D. Tenn. Feb. 23, 2021)).  Although "manifest injustice" may appear to be a catch-all, it is, nevertheless, a fact-specific analysis and is "not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind."  *Lonardo*, 706 F. Supp. 2d at 809.

### III.    Discussion

#### A.  *Rooker-Feldman* Doctrine Application

Claiming "clear error of law" and "manifest injustice," Plaintiff does not satisfy the requisites to succeed on his Rule 59(e) motion.

As the Court articulated in its Memorandum of Opinion and Order dismissing this case (ECF No. 9), the *Rooker-Feldman* doctrine applies when a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment.  *Berry v. Schmitt*, 688 F.3d 290,

3

(4:25CV627)

298-99 (6th Cir. 2012); *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); see *Berry*, 688 F.3d at 299; *Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 606 F.3d 301, 310 (6th Cir. 2010). If the source of the Plaintiff's injury is the state-court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id.*; see *Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the Court should also consider the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

Plaintiff first argues that the Court's application of the *Rooker-Feldman* doctrine was a "clear error of law." The Court disagrees. Plaintiff relies on several cases to assert *Rooker-Feldman* is inapplicable when there is a failure of service, lack of jurisdiction, or other procedural due process concerns. These cases are distinguishable or otherwise misinterpreted by Plaintiff. *See, e.g.*, *Kougasian v. TMSL*, 359 F.3d 1136, 1140-41 (9th Cir. 2004) (holding *Rooker-Feldman* was inapplicable because plaintiff's claims related to defendants' alleged extrinsic fraud on the court, not a legal error by the court itself); *Kovacic*, 606 F.3d at 310 (holding that the *Rooker-Feldman* doctrine was inapplicable because plaintiffs were not seeking reversal of the juvenile court's decision to award the county custody, instead "focus[ing] on the conduct of Family Services and of the social workers *that led up to*" the court decision.") (emphasis in original); *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 403-04 (6th Cir. 2020) (concluding *Rooker-Feldman* did not apply to plaintiff's claims that were based on a

4

(4:25CV627)

third-party's alleged misconduct when defendant's interest rate calculations were significantly higher than the interest rates established in the state court's decision.).

Here, Plaintiff's claims stem from the state court's issuance, and Defendants' enforcement of, a child support order. "If a federal plaintiff has brought a *de facto* appeal from a state court decision—alleging legal error by the state court and seeking relief from the state court's judgment—he or she is barred by *Rooker-Feldman*." Kougasian, 359 F.3d at 1142. Even if Plaintiff's claim that the state court lacked jurisdiction were true, *see* ECF No. 1-1 at PageID #: 6, the outcome in this case is unchanged. It is not for federal district courts to determine whether a state court's decisions, including rulings regarding jurisdiction, are correct. RLR Investments, LLC v. City of Pidgeon Forge, Tenn., 4 F.4th 380, 388 (6th Cir. 2021) ("By asking a federal court to declare a state-court order unconstitutional and prevent its enforcement, [plaintiff] impermissibly appealed the state court's order to the federal district court."). *See* Rooker v. Fidelity Trust Co., 263 U.S. 413, 414 (1923) (affirming district court's dismissal of a request to have a state-court judgment declared "null and void.").

Plaintiff's request for declaratory and injunctive relief from Defendants' enforcement of the child support order (ECF No. 1-1 at PageID ##: 6-7) demonstrates his claims are a *de facto* appeal of the state court decision because granting such relief would require the Court to review and reject the state court's decision. Berry, 688 F.3d at 298-99. Plaintiff cannot camouflage what is essentially an appeal of the state court's judgment as a claim under 42 U.S.C. § 1983. *See* Rouse v. Nessel, No. 21-1630, 2022 WL 13631916, at *2 (6th Cir. July 11, 2022) (recognizing federal claims that require the district court to reject state child-support orders are barred under the *Rooker-Feldman* doctrine); Raymond v. Moyer, 501 F.3d 548, 553 (6th Cir.

5

(4:25CV627)

2007) (holding there is no exception to the *Rooker-Feldman* doctrine for procedural due process violations). Therefore, it was not "clear error of law" to apply the *Rooker-Feldman* doctrine.

Finally, Plaintiff asserts in a conclusory statement that alteration or amendment is necessary to avoid "manifest injustice." ECF No. 11. Plaintiff, however, has failed to identify any facts demonstrating a "fundamental flaw" in the Court's decision except to indicate he is unhappy with the result. ECF No. 11 at PageID ##: 100 and 112. *See Johnson*, 2022 WL 1656762 at *2; *Lonardo*, 706 F. Supp. 2d. at 809. Accordingly, Plaintiff has not shown "manifest injustice" in the Court's application of *Rooker-Feldman*.

For these reasons, Plaintiff's 59(e) Motion to Alter or Amend Judgment is denied.

### B. Emergency Temporary Restraining Order

Plaintiff has also filed a Motion to Compel Release of Passport, Emergency Motion for Temporary Restraining Order, and Motion for Sanctions Against Defendants for Violation of Federal Law and Due Process. ECF No. 14. The Sixth Circuit recently held that when a district court dismisses a complaint, any pending TRO motions become moot. *See Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *3 (6th Cir. 2025) (citing *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 614 (6th Cir. 2009)) ("Plaintiffs' TRO motions became moot when the district court dismissed their case."). Because the Court dismissed Plaintiff's case for lack of subject matter jurisdiction, his motion to compel and for an emergency TRO and sanctions is moot and, therefore, denied.

(4:25CV627)

## IV. Conclusion

Accordingly, Plaintiff's Motions (ECF Nos. 11 and 14) are denied.

IT IS SO ORDERED.

| | |
|---|---|
| August 19, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |